# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BENLOR C. RIVERA, an individual, GRACE U. RIVERA, an individual and NELSON M. OBENA, <br><br> Plaintiff(s), <br><br> vs. <br><br> ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA *et al.*, <br><br> Defendant(s). | Case No. 2:10-cv-2266-RLH-GWF <br><br> **O R D E R** <br> (Motion to Remand–#26) |

      Before the Court is Plaintiffs' **Motion to Remand** (#26, filed January 31, 2011). The Court has also considered the Allianz Defendants' Opposition (#33), Plaintiffs' Reply (#36), and, because of Plaintiffs' failure to address the primary issue until they filed their Reply, the Court permitted and has considered the Allianz Defendants' Surreply (#41) and Plaintiffs' Supplemental Reply (#42).

      The original bases for the Motion to Remand were (1) there was no diversity, and (2) there was no federal question, thus providing no basis for federal jurisdiction, mandating remand.  As Defendants' Opposition noted, the primary basis for removal was not diversity or federal question, but, rather, the Class Action Fairness Act of 2005 ("CAFA"), codified in Title 28 U.S.C. §1332(d). Whereupon Plaintiffs, in their Reply, asserted the Exception to CAFA in §1332(d)(9)(C), thus prompting the Court to permit further briefing.

1

The Motion to Remand will be denied for the following reasons:

## I. JURISDICTION

The primary basis for the removal, and the basis on which the Court finds jurisdiction is the CAFA provisions of 28 U.S.C. §1332(d). Plaintiffs concede they have the burden of proving the application of the exception in §1332(d)(9)(C). They have failed to meet that burden.

The exception does not apply here by any reasonable reading of the statutory language. First, in order for the exception to apply, the class action must *"solely"* involve *a* claim concerning a covered security or relate to a security. There are multiple claims asserted here, none of which claim the involvement of securities, except as to the effect of a stock index. This case clearly does not meet the criteria for the exception.

Multiple courts have spoken to the clear meaning of the statute. *See Tuttle v. Sky Bell Asset management, LLC,* No. C 10-13588 WHA, 2011 WL 208060 at *7 (N.D. Cal. Jan 21, 2011) (not enough to merely tangentially relate to a security; the terms of the security must provide the basis for the claim); *Estate of Pew v. Cardarelli*, 527 F.3d 25, 31-33 (2d Cir. 2008) ((C) applies only to suits that seek to enforce terms of security instruments; state-law consumer fraud action does not fall within subsection (C)); *Greenwich Fin. Servs. Distressed Mort. Fund 3, LLC v. Countrywide Fin. Corp.*, 603 F.3d 23, 32 (2d Cir. 2010) (case involving consumer fraud claims does not solely involve claims relating to securities).

## II. DIVERSITY

(a) Allianz Life Financial Services

Being authorized and doing business in Nevada, by an out-of-state LLC does not establish residency in Nevada for the purpose of destroying diversity. *The Hertz Corp. V. Friend*, ___ U.S.___, 130 S. Ct. 1181, 1192-93 (2010).

(b) Oscar Corpuz

Inasmuch as the Court finds jurisdiction based on CAFA, it is unnecessary to address the place of his residence. The Court declines to address the issue of fraudulent joinder herein.

1   (c)    Diversity

2         It is not necessary to decide if diversity exists because the Court finds it has jurisdiction pursuant to CAFA (28 U.S.C. §1332(d).

4         IT IS THEREFORE ORDERED that Plaintiffs' **Motion to Remand** (#26) is DENIED.

5         Dated: June 28, 2011.

_____
**Roger L. Hunt**
**United States District Judge**

3