# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BENLOR C. RIVERA, an individual,<br>BRACE U. RIVERA, an individual,<br>NELSON M. OBENA, an individual,<br><br>        Plaintiff(s),<br><br>vs.<br><br>ALLIANZ LIFE INSURANCE<br>COMPANY OF NORTH AMERICA,<br>a foreign corporation, ALLIANZ LIFE<br>FINANCIAL SERVICES, LLC, a foreign<br>limited liability company, OSCAR<br>CORPUZ, an individual,<br><br>        Defendant(s). | Case No. 2:10-cv-2266-RLH-GWF<br><br>**O R D E R**<br>(Motion to Dismiss-#31) |

Before the Court are three motions to dismiss by each of the Defendants. The Court considers here Defendant Allianz Life Financial Services, LLC's (ALFS) **Motion to Dismiss the Amended Class Action Complaint for Failure to State a Claim** (#16), Plaintiff's Opposition (#28) thereto, and ALFS's Reply (#31).

BACKGROUND

Plaintiffs Benlor Rivera, Grace Rivera, and Nelson Obena each applied for an Allianz Life MasterDex 10 equity index annuity through their independent insurance agent, defendant Oscar Corpuz. Both Riveras submitted an application on May 10, 2006. Obena submitted his application on June 29, 2006. At the time of the applications, and before they were submitted, each was given a Statement of Understanding (hereafter SOU). The annuities were issued by co-defendant Allianz Life

1

1  Insurance Company of North America (hereafter Allianz Life) on the following dates: for Benlor
2  Rivera, June 12, 2006; for Grace Rivera, June 16, 2006; and for Nelson Obena, July 3, 2006.
3          The MasterDex 10 is designed to provide policyholders with a defined stream of
4  income payments for a minimum of ten years after accumulating value for a minimum of five years.
5  Although MasterDex 10 policy holders benefit from market increase, annuity premiums and
6  accumulated value are not invested directly in any equity market or individual security.  Rather,
7  account values accrue based upon a formula tied to the performance of the S&P 500 or the NASDAZ-
8  100 equity indices, as calculated monthly.  The MasterDex 10 allows policyholders to benefit from
9  market increases while being insulated from market downturns.  That is, if the sum of the Monthly
10 Index Rates is positive, the value is increased accordingly, but if the Monthly Index Rates is negative
11 (*i.e.,* when the sum of the Monthly Index Rates is negative–when the market is in decline) the annuity
12 simply does not increase, it is not reduced in value.
13         The basis for all the causes of action in this lawsuit is language in the SOU and
14 language in the Policy, which Plaintiffs allege is contradictory and fraudulent.  The pertinent language
15 of the SOU is as follows:

> We [Allianz Life] capture the current value of the market index on the date you purchased your contract, as well as on each contract's "monthiversary."  So if your contract is dated the seventh of the month, for example, your monthiversary will be the seventh day of every succeeding month throughout the life of the contract.
>
> Monthly returns are calculated in two steps.  First, the change from the previous month's index value to the current month's index value is divided by the previous month's index value. [Second, t]his amount is then multiplied by the participation rate.

21         The pertinent language of the Policy is as follows:

> The Initial Index Value is the value of the Index at the end of the Last Business Day before the start of a Monthly Term.

23         Plaintiffs contend that the SOU is part of the Policy contract, or, as they argue in their
24 opposition, part of the application for the Policy.  Defendants contend that the SOU is clearly a
25 summary of the policy provided to a potential applicant to assist the applicant in understanding the
26 Policy and part of neither the application nor the Policy.

Defendant Allianz Life is the issuer and signatory on the Policy.  Defendant AFLS is a subsidiary of Allianz and functions as a registered wholesale broker/dealer with the Securities and Exchange Commission and the securities commissions of various states.  It wholesales variable annuity products issued by Allianz Life to retail broker/deals.  It does not sell to consumers.  Plaintiffs did not purchase variable annuities, they purchased equity index annuities.  Plaintiffs' original Complaint did not name AFLS.  In their Amended Complaint, they merely added AFLS as party defendant, but did not change the allegations.  They merely continue to refer to the Defendants generically as Allianz.

Plaintiffs assert six causes of action based on the same alleged misconduct:  Count I: breach of contract; Count II: breach of the covenant of good faith and fair dealing; Count III consumer fraud in violation of the Nevada Deceptive Trade Practices Act (hereafter NDTPA; Count IV: unjust enrichment; Count V: accounting; and Count VI: declaratory relief.

## DISCUSSION and ANALYSIS

MOTION TO DISMISS (12(B)(6)) LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  While a pleading generally need not contain detailed allegations, it must allege sufficient facts "to raise a right to relief above the speculative level." *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 555 (2007).  A complaint does not allege sufficient facts to raise a right to relief above the speculative level if it contains nothing more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)).  Instead, in order to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. At 1949 (internal citations omitted).

/ / / /

3

In *Ashcroft v. Iqbal*, the Supreme Court provided a two-step approach for district courts to apply when considering motions to dismiss. First, the court must accept as true all factual allegations in the complaint. *Id.* at 1950. A court does not, however, assume the truth of legal conclusions merely because the plaintiff casts them in the form of factual allegations. *Id.* at 1950; *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). Mere recitals of the elements of a cause of action, supported only by conclusory statements also do not suffice. *Iqbal*, 129 S. Ct. at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct." *Id.* at 1949. Thus, where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (Internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

There are no factual allegations in the Amended Complaint that are specific to ALFS. None! There are no facts alleging any contract between ALFS and Plaintiffs. There are no facts alleged regarding ALFS's purported involvement in the sale or issuance of the Policies at issue. There are no facts alleged regarding ALFS's purported involvement in the content or distribution of the SOUs. There are no facts alleged regarding any misrepresentations by ALFS. Plaintiffs merely restate their original allegations and redefine the term "Allianz" to mean Allianz Life **and/or** ALFS, without differentiating between the two.

Plaintiffs' Amended Complaint refers to and relies upon the Policies and the SOUs. Accordingly, the Court may treat them as part of the Amended Complaint, without treating the motion as a motion for summary judgment. Neither the Policies nor the SOUs make any reference to, define, refer to, or even mention ALFS. The "Company" referred to in the policy is specifically identified as Allianz Life. There is no mention of ALFS.

4

I. BREACH OF CONTRACT (Count I)

There is no contract between Plaintiffs and ALFS. There is no legitimate allegation of a contract between Plaintiffs and ALFS. Nevada law is clear that a valid, enforceable contract is a prerequisite for a breach of contract claim. Plaintiffs' argument that "it is plausible to argue that ALFS is bound by Plaintiffs' policy with Allianz [Life]," it not itself plausible. Plaintiffs cite no authority for the "argument" that an entity not a party to a contract may nonetheless be held liable for breach of that contract. This claim must be dismissed.

II. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

Without a contract between the parties, and with no alleged facts of any dealings between the parties, and, for the reasons stated above, Plaintiffs cannot recover from ALFS for any breach of any covenant of good faith and fair dealing. This claim must be dismissed.

III. CONSUMER FRAUD

Plaintiffs do not dispute their failure to allege an "act of consumer fraud by [ALFS] caused them. The Amended Complaint bases its misrepresentation claims exclusively on the SOUs but alleges no facts to connect the SOUs to ALFS. The SOUs never mention ALFS. Plaintiffs do not identify any alleged misrepresentation purportedly made by ALFS in either the Amended Complaint or their Opposition.

Plaintiffs' argument that "there is no confusion was to which claims are asserted against which defendants" (Opp. At 6) and therefore they are permitted to lump multiple defendants together, is totally without merit. Rule 9(b) requires plaintiffs to "differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Goodwin v. Executive Trustee Servs. LLC,* 680 F. Supp. 2d 1244, 1256 (D.Nev. 2010). This claim must be dismissed.

IV. UNJUST ENRICHMENT

Although admitting that ALFS is not a party to the Policy contracts and has no rights or responsibilities under those contracts, they (albeit weakly) contend that the unjust enrichment

1  claims should survive on the argument that ALFS *may* have "shared in the windfall of the policies,"
2  even though there are no facts alleged in the Amended Complaint to support this fantastical assertion.
3  A "naked assertion[] devoid of further factual enhancement" (I*qbal,* 129 S.Ct. At 1949), does not
4  push Plaintiffs' claims across "the line from conceivable to plausible." *Bell Atlantic Corp. v.*
5  *Twombly* 550 U.S. at 570.  This claim must be dismissed

6  V.  ACCOUNTING

7        This claim must be also dismissed because it is not a claim, it is a remedy.  Further-
8  more, it is a remedy sought on the basis of the foregoing four claims, which are dismissed.

9  VI.  DECLARATORY RELIEF

10       This claim, too, is a remedy, not a legitimate cause of action.  It, too, must be
11  dismissed because the remedy sought relies on Counts I, II, III, and IV which are dismissed.

12       Plaintiffs plead with the Court to permit it to amend if it grants ALFS's motion.  Such
13  an amendment would be futile and is not appropriate here.  It is clear from the face of the Amended
14  Complaint, together with the Plaintiffs' Opposition, that there are no facts which could be alleged
15  against ALFS to justify this lawsuit.  References to "what ifs" or contentions that have no bases in
16  facts are insufficient to present a possibility of a claim.  For example, Plaintiffs argue that the fact that
17  ALFS is licensed to do business in Nevada is sufficient reason to believe that it was involved in the
18  purchase of the subject annuities.  They further argue that because ALFS sells annuities, it is
19  "plausible" that it is bound by Plaintiffs' Policies.  The argument is baseless.  Possible is not
20  tantamount to plausible.  Plaintiffs attempt to use that argument to suggest, again without any factual
21  basis, that the fact that ALFS lis authorized to sell annuities that it participated in and benefitted from
22  the fraud.  These feeble attempts do not meet the sufficiency requirements for pleading fraud against
23  ALFS.
24  / / / /
25  / / / /
26  / / / /

IT IS THEREFORE ORDERED that Defendant Allianz Life Financial Services, LLC's (ALFS) **Motion to Dismiss the Amended Class Action Complaint for Failure to State a Claim** (#16) is GRANTED, and this case is dismissed as to Allianz Life Financial Services, LLC's (ALFS).

Dated: June 30, 2011.

_____
**Roger L. Hunt
United States District Judge**